WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
GEORGE W. BREITSAMETER, IDAHO STATE BAR NO. 2871
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO  83712-7788
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1038

*U.S. COURTS*
*FEB 28 2012*
Rcvd_____ Filed_____ Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) CR No. | CR 12-0067-S BLW |
| vs. | ) | **RULE 11 PLEA AGREEMENT** |
| McDONALD ROOFING AND CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |

Rev. April 2011 (General)

I.   **GUILTY PLEA**

   A.   **Summary of Terms.**  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), and the terms set forth herein, the defendant, the attorney for the defendant, and the Government[1] agree that the defendant will waive indictment and plead guilty to Count One of the Information, which charges the defendant corporation ("defendant") with Wire Fraud, in violation of 18 U.S.C. § 1343.

   This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this Plea Agreement.  Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this Agreement, the Government, under Federal Rule of Criminal Procedure 11(c)(1)(B), will recommend the terms set forth in the plea agreement, and agree not to file any additional charges or seek any additional criminal penalties against said defendant or Michael D. McDonald regarding the events which underlie the charge in the Information.  This agreement does not preclude debarment or suspension of said entity or the debarment or suspension of any individuals related to said entity.  However, this agreement precludes any additional civil action against the defendant and Michael D. McDonald to recover monetary damages or penalties related to the false claims that are the subject to this agreement. This agreement does not preclude further criminal and/or civil proceedings against other individuals and/or entities that may be responsible for the conduct that is the subject of this agreement. The defendant corporation agrees the Court may consider uncharged "relevant conduct," including conduct alleged in any dismissed count, in arriving at an appropriate sentence pursuant to USSG § 1B1.3.

---

   [1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

The defendant further agrees to the following:

1.  Its representative, duly authorized by the defendant's managers, has authority to speak for the defendant, appear and enter the guilty plea, and also appear for imposition of sentence.

2.  Provide to the United States and the Court written evidence, in the form of a notarized resolution of its managers, with both notary and corporate seals, certifying that the defendant is authorized to plead guilty to the Information in this case, and to enter into and comply with all provisions of this Agreement. The resolution shall further certify that the defendant's authorized representative is authorized to take these actions, and that all corporate formalities, including but not limited to approval by defendant's managers, required for such authorization have been observed.

**B.** **Oath**. The defendant's representative will be placed under oath at the plea hearing. The Government may use any statement that the defendant's representative makes under oath against the defendant in a prosecution for perjury or false statement.

## II.   WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL

The defendant understands that by pleading guilty, it waives the following rights: 1) the right to plead not guilty to the offense charged against it and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the Government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant is guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that

held against the defendant. If the District Court accepts the defendant's guilty plea, there will be no trial.

### III.     NATURE OF THE CHARGES

A.    **Elements of the Crime.** The elements of a violation of 18 U.S.C. § 1343, as charged in Count One in the Information, are as follows:

1. The defendant knowingly obtained property by means of false or fraudulent pretenses, representations, or promises;

2. The statements made or facts omitted were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3. The defendant acted to defraud; that is, to deceive or cheat; and

4. The defendant used, or caused to be used, the interstate wires to carry out or attempt to carry out an essential part of the fraud.

B.    **Factual Basis.** If this matter were to proceed to trial, the Government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

McDonald Roofing and Construction, Inc. (MRC), is an Idaho company engaged in the construction business.

As to Count One, the evidence would establish that on or about July 27, 2005, the defendant submitted an application to the Small Business Administration that represented that the principal place of business of MRC was located in Emmett, Idaho; and that it had two (2) employees at this location. The defendant continued to make said representations in submissions to the Government. By said representation, MRC was able to obtain contracts awarded by the Government for qualified HUBZone entities.

The representations were false because the business had no employees residing in the HUBZone.

The evidence would also establish that on or about June 2007, the United States Department of Interior (DOI) awarded a contract to MRC for seismic mitigation work to be performed on at the National Interagency Fire Center (NIFC) in Boise, Idaho. The amount of the contract was $218,241. DOI awarded MRC the contract on the basis that it was a HUBZone qualified entity when, in truth and in fact, it was not.

On or about December 21, 2007, MRC received a payment from the Government through an electronic payment in interstate commerce in the approximate amount of $219,241.

## IV. SENTENCING FACTORS

**A.** **Maximum Penalties**. The charge in Count One of the Information is punishable by a maximum fine of $500,000; a special assessment of $400, and probation for a period of five (5) years.

**B.** **Fines and Costs**. The Court may impose a fine. The parties agree to recommend that the Court impose a fine in the total amount of $5,000 in relation to the conviction on Count One. The defendant agrees to pay $5,000 prior to or at sentencing. The Court may also order the defendant to pay the costs of probation.

**C.** **Special Assessment.** The defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to the United States District Court, Clerk's Office, Federal Building and United States Courthouse, 550 West Fort Street, Fourth Floor, Boise, Idaho 83724.

**D.** **Restitution.** In addition to any fine or costs imposed, the Court, pursuant to 18 U.S.C. §§ 3563(b)(2), 3583, and 3663, may order the defendant to pay restitution equal to the loss caused to any victims of the offense charged in the Information. The parties agree to recommend that no restitution be awarded.

## V. UNITED STATES SENTENCING GUIDELINES

**A.** **Application of Sentencing Guidelines.** The Court must consider the United States Sentencing Guidelines (USSG) in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the Court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The Court is not a party to the Plea Agreement. The Plea Agreement does not bind the Court's determination of the sentencing guidelines range. The Court will identify the factors that will determine the sentencing range under the Sentencing Guidelines. While the Court may take the defendant's cooperation and the recommendations of the parties into account, the Court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the Court is not bound by this Agreement, the parties agree to the recommendations and requests set forth below.

**B.** **Sentencing Guidelines Recommendations and Requests.**

1. **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The Government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is

level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

2. **Government's Recommendation**. The Government agrees to recommend that the Court place the defendant on organizational probation for a period of three years.

3. **Debarment/Suspension**. This agreement takes no position as to any debarment or suspension which may be initiated against any principals of the corporate defendant entity or the entity.

## VI. COOPERATION

A. **Truthful Information and Assistance.** Michael D. McDonald promises to provide truthful and complete information to the Government and its investigative agencies, including testimony in legal and administrative proceedings, concerning Michael D. McDonald's role and the roles of all others involved in offense-related behavior. Michael D. McDonald shall not attempt to protect anyone through false information or omission. Michael D. McDonald will not falsely implicate anyone. Any intentional deviation from the truth in any of Michael D. McDonald's testimony may result in prosecution for perjury and obstruction of justice. Michael D. McDonald's duty under the terms of this Agreement is to tell the truth whether or not it bolsters the Government's case against any particular individual. The defendant specifically understands that this Agreement is <u>not</u> contingent upon the conviction of any person.

Michael D. McDonald agrees to cooperate in good faith. This means Michael D. McDonald will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to subjects discussed. In other words, Michael McDonald may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached the Agreement because he was not specifically asked. This Agreement is breached by any action or statement inconsistent with continued cooperation.

Michael D. McDonald agrees to be available for interviews to prepare for testimony. If necessary, Michael D. McDonald will submit, upon request, to government-administered polygraph examinations and provide a personal financial statement, if requested.

Michael D. McDonald agrees to identify all property related to crimes. Michael D. McDonald will identify the extent of any person's or entity's, including defendant's, interest in any such property.

B.   **Use of Information Against Defendant or Michael D. McDonald.** In exchange for the defendant's agreement, the Government will not use new information the defendant or Michael D. McDonald provides (pursuant to this Agreement) about the defendant's own criminal conduct. The Government may reveal such information to the Court. There shall be no restrictions, however, on the use of information: 1) previously known to law enforcement agencies; 2) revealed to law enforcement agencies by, or discoverable through an independent source; or 3) in the event there is a breach of this Agreement.

C.   **Defendant's or Michael D. McDonald's Assumption of Risk.** The defendant or Michael D. McDonald agree freely and voluntarily to cooperate with the Government, knowing the possible consequences of cooperation. The defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this Agreement. The defendant hereby

absolves the Government, including its employees, from any liability associated with this cooperation.

## VII. WAIVER OF APPEAL AND 28 U.S.C. § 2255 RIGHTS

A.   In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the conviction and entry of judgment.

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea or conviction in this case. Further, if the defendant violates this waiver, it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.

If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.

B.   Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States Probation Office for use in preparing a presentence report. Failure to execute releases and provide such information violates this Agreement. Such failure will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1, or an upward departure under § 5K2.0, and relieve the Government of the obligations in

this Agreement. Such failure will not, however, constitute grounds for withdrawing the plea of guilty unless the Government so requests.

## IX. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions.

## X. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the defendant fails to keep any promise in this Agreement or commits a new felony or Class A misdemeanor offense prior to sentencing, the Government is relieved of any obligation not to prosecute the defendant on other charges, including charges not pursued due to this Plea Agreement. Such charges may be brought without prior notice. In addition, if the Government determines after sentence is imposed that the defendant's breach of the Agreement warrants further prosecution, the Government may choose between letting the conviction under this Plea Agreement stand or vacating such conviction so that such charges may be re-prosecuted. If the Government determines that a breach warrants prosecution before sentencing, it may withdraw from the Plea Agreement in its entirety.

B. **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this Agreement, the defendant gives up the right not to be placed twice in jeopardy for the offenses to which the defendant entered a plea of guilty or which were dismissed under this Agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this Agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged

within the applicable statute of limitations period if the statute of limitations expired after the defendant entered into this Agreement.

Furthermore, if the defendant does not enter an acceptable plea, the Government will move to continue the trial now set to allow the Government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

XI.  **MISCELLANEOUS**

   A.  **No Other Terms**. This Agreement is the complete understanding between the parties, and no other promises have been made by the Government to the defendant or to the attorney for the defendant. This Agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this Agreement does not bind or obligate governmental entities other than the United States Attorney's Office for the District of Idaho. The Government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the defendant's or defendant's counsel's request.

   B.  **Plea Agreement Acceptance Deadline**. This plea offer is explicitly conditioned on the defendant's notification of acceptance of this Plea Agreement no later than 12:00 p.m. on February 14, 2012.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the Plea Agreement. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
United States Attorney
By:

_____    _2/14/12_____
George W. Breitsameter                Date
Assistant United States Attorney

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand the Agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the Government, including any Assistant United States Attorney, concerning the plea to be entered in this case. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including to enter a guilty plea. I am satisfied with my attorney's advice and representation in this case.

_____    _2-14-12_____
McDonald Roofing and Construction, Inc.    Date
Defendant

I have read this Plea Agreement and have discussed the contents of the Agreement with my client. The Plea Agreement accurately sets forth the entirety of the Agreement. I concur in my client's decision to plead guilty as set forth above.

_____
C. Tom Arkoosh
Attorney for the Defendant

Date 2/14/12